[Civ. No. 1888.    Third Appellate District.—January 15, 1919.]

FRED GULICK, Respondent, v. E. CLEMENS HORST
COMPANY (a Corporation), Appellant.

SALES — ACTION FOR PRICE OF HORSES AND MULES — CONFLICT OF EVI-
DENCE.—In this action for the price of certain horses and mules,
purchased by the defendant for the allied powers in the war against
Germany, the defense being that the sale was conditional upon ap-
proval and acceptance of the stock by representatives of the allied
powers, findings by the trial court on conflicting evidence that the
sale was absolute and not conditional, were sufficiently supported,
and were therefore binding on the appellate court.

APPEAL from a judgment of the Superior Court of Butte
County.    H. D. Gregory, Judge.    Affirmed.

The facts are stated in the opinion of the court.

W. H. Carlin for Appellant.

Henry Ingram and George F. Jones for Respondent.

BURNETT, J.—The action was brought to recover the
value of a certain number of horses and mules alleged to have
been sold by plaintiff to defendant.    There is no dispute that
appellant was engaged in the purchase of certain animals for
the use of the "entente" powers in the prosecution of the war
against Germany, nor is it disputed that one W. Hill was the
authorized agent of the defendant for the purchase of horses
and mules for such purpose.

The only serious contention made by appellant is that the
sale was a conditional one, dependent upon the approval and
acceptance of said stock by the representatives of said allied
powers, and that plaintiff and said Hill were parties to a con-
spiracy to defraud appellant by imposing upon it animals
that were unsuitable and unfit for the purposes for which
they were to be purchased.

As to these contentions it may be said that both plaintiff
and Hill testified positively that the sale was absolute and not
conditional, that there was no understanding or agreement
that the payment of the purchase price was to depend upon
the approval and acceptance by said representatives.    They

both also testified to facts from which the inference necessarily follows that neither had any purpose or intention to defraud appellant in the respect indicated or, indeed, in any manner at all, and that the sale and purchase were made in good faith and as claimed by respondent.

The case is, indeed, one of conflicting evidence, and wherein the findings of the lower court by reason of a sufficient showing are binding upon the appellate court.

We have read the record and find therein sufficient evidence to support the material findings. There is no necessity for reciting said evidence, as it must be familiar to both parties.

The judgment is accordingly affirmed.

Chipman, P. J., and Hart, J., concurred.